Kenneth S. Machado    ADC# 189869
Name and Prisoner/Booking Number

ASP-C.A.C.F. (*M70)
Place of Confinement

P.O. Box 9600
Mailing Address

Florence AZ 85232
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

```
                    FILED _____ LODGED
                    RECEIVED ____ COPY

          2    |  JUL 29 2009  |   2

               CLERK U S DISTRICT COURT
                 DISTRICT OF ARIZONA
          BY_____DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Kenneth Scott Machado                )
(Full Name of Petitioner)            )
                    Petitioner,      )
                                     )
            vs.                      )    CASE NO.  09-CV-425-FRZ/HCE
                                     )         (To be supplied by the Clerk)
Chuck Ryan  Acting Director - DOC.   )
(Name of the Director of the Department of )
Corrections, Jailor or authorized person having )
custody of Petitioner)               )
                                     )    **PETITION UNDER 28 U.S.C. § 2254**
                                     )    **FOR A WRIT OF HABEAS CORPUS**
                    Respondent,      )    **BY A PERSON IN STATE CUSTODY**
                    and              )    **(NON-DEATH PENALTY)**
The Attorney General of the State of  Arizona  )
                                     )
                    Additional Respondent.   )
_____ )

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
Pima County Superior Court ; 110 West Congress , Tucson, AZ. 85701
_____

   (b) Criminal docket or case number:  CR. 20040585

2. Date of judgment of conviction:  Sept. 10TH, 2004  (Jury Trial)

3. In this case, were you convicted on more than one count or crime?    Yes ☒    No ☐

**530**

4. Identify all counts and crimes for which you were convicted and sentenced in this case: _____

   COUNT 1: SEXUAL ASSAULT (A CLASS TWO FELONY)
   COUNT 4: SOLICITATION OF MURDER (CLASS ONE FELNY)
   COUNT 5: INTERFERING WITH JUDICIAL PROCEEDINGS (MISDEMEANOR CLASS ONE)

5. Length of sentence for each count or crime for which you were convicted in this case: _____

   COUNT 1: SEVEN YEARS (PRESUMPTIVE)
   =   4: THREE AND ONE HALF (3.5) (PRESUMTIVE)
   =   5: TIME SERVED

6. (a) What was your plea?   N/A

   Not guilty            ☐
   Guilty                ☐
   Nolo contendere (no contest)   ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

   _____

   _____

   _____

   (c) If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at the trial?   Yes ☒   No ☐

8. Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☒   No ☐

   If yes, answer the following:

   (a) Date you filed:   OCT. 15TH, 2004

   (b) Docket or case number:   2 CA-CR 2004-0362

   (c) Result:   'UPHELD' - CONVICTION AND SENTENCE

   (d) Date of result:   MAY 10TH, 2006

   (e) Grounds raised:   ① THE TRIAL CT. ERRED IN DENYING JURY INSTRUCTION ON
   SPOUSAL DEF. TO SEX. ASST.; ② PRECLUDING TESTIMONY; ③ GIVING THE STANDARD
   JURY INS. ON REASONABLE DOUBT; ④ FAILING TO CONSIDER OVERWHELMING MITIGATING
   CIRCUMSTANCES WHEN IMPOSING SENTENCES
   COPY OF BRIEFS ARE ATTACHED AS EXHIBIT #A   (BRIEF, RESP & REPLY)
   COPY OF DECISION ATTACHED AS EXHIBIT #B

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

9. Did you appeal to the Arizona Supreme Court?   Yes ☒   No ☐

   If yes, answer the following:

   (a) Date you filed: __2006__

   (b) Docket or case number: __CR-06-0265-PR__

   (c) Result: __DENIED REVIEW__

   (d) Date of result: __2/8/2007__

   (e) Grounds raised: WAS MR. MACHADO ENTITLED TO DEFEND AGAINST THE CHARGE OF SEX ASSLT. ON THE STAT. BASIS THAT HE AND THE ALLEGED VICTIM WERE MARRIED ENTITLING HIM TO JURY INSTRUCTIONS ON THE MARRIAGE DEFENSE, INCLUDING THE DEFINITION OF "SPOUSE" WHERE THE PARTIES WERE LEGALLY MARRIED.

   BRIEF & DECISION ARE ATTACHED AS EXHIBIT #C

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

10. Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

   If yes, answer the following:

   (a) Date you filed: _____

   (b) Docket or case number: _____

   (c) Result: _____

   (d) Date of result: _____

   (e) Grounds raised: _____

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?   Yes ☒   No ☐

   If yes, answer the following:

(a) First Petition.

(1) Date you filed: October 16TH, 2007

(2) Name of court: Pima County Superior Court

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): Rule 32

(4) Docket or case number: CR. 20040585

(5) Result: Relief Denied

(6) Date of result: Jan. 30TH, 2008

(7) Grounds raised: (1) I.A.C (Trial Counsel) for failing to rest jury ins. after directed verdict. (2) I.A.C. (Trial Counsel) failing to raise const. violations related to Spousal Defense; trial court erred in denying request for Willits Instruction.

Copy of brief and Decision are attached as Exhibit # D (also reply is att.)

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(b) Second Petition.

(1) Date you filed: N/A

(2) Name of court: _____

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4) Docket or case number: _____

(5) Result: _____

(6) Date of result: _____

(7) Grounds raised: _____
_____
_____
_____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

4

(c) Third Petition.

(1) Date you filed: _____

(2) Name of court: _____

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4) Docket or case number: _____

(5) Result: _____

(6) Date of result: _____

(7) Grounds raised: _____

_____

_____

_____

_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(d) Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: |  | Arizona Supreme Court: |  |
|---|---|---|---|---|
| (1) First petition: | Yes ☒ | No ☐ | Yes ☒ | No ☐ |
| (2) Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3) Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e) If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** I.A.C. (INEFF. ASST. OF COUNSEL) "TRIAL COUNSEL"

| A. | DENIAL OF JURY INSTRUCTION |
| B. | DENIAL OF RIGHT TO PRESENT DEFENSE / EVIDENCE |
| C. | DENIAL OF DUE PROCESS |

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

THE TRIAL COURT ERRED IN DENYING MR. MACHADO'S REQUEST FOR A JURY INSTRUCTION ON THE SPOUSE DEFENSE TO SEXUAL ASSAULT AND GIVING JURY LEGAL DEFINITION OF "SPOUSE" OR/AND "COHABITATION". IN SPITE THEREOF THIS ADVERSE OUTCOME COULD HAVE BEEN PREVENTED HAD DEFENSE COUNSEL- RICHARD B. JONES NOT OBJECTED TO THE COURT PROVIDING THE JURY INFORMATION REGARDING THE DIRECTED VERDICT.

DEFENSE COUNSEL'S ACTIONS WERE PREJUDICIAL TO MR. MACHADO BECAUSE THE COURT DIRECTED THE VERDICT ON THE ADMINISTERING ALCOHOL/DRUGS COUNT II, AND THE JURY FOUND HIM NOT GUILTY OF ATTEMPTED MURDER COUNT III.

ANY COMPETENT COUNSEL WITHIN THE RANGE OF REASONABLE PROFESSIONAL ASSISTANCE ASKING FOR THE JURY INSTRUCTION WOULD HAVE A REASONABLE PROBABILITY THAT AN INSTRUCTED JURY TOLD NOT TO CONSIDER THE ALLEGATIONS THAT MR. MACHADO ADMINISTERED ALCOHOL OR DRUGS WITHOUT HIS WIFE'S KNOWLEDGE, COULD EFFECT HAVE EXPECTED A DIFFERENT OUTCOME OR RESULT. ESPECIALLY WHERE THERE WAS NO OTHER INTRODUCTION OF EVIDENCE THAT HIS SPOUSE DID NOT CONSENT, AS TO THE RAPE CHARGE (COUNT I)

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals? Yes ☒   No ☐

(c) If yes, did you present the issue in a:

    Direct appeal ☒
    First petition ☒
    Second petition ☐
    Third petition ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court? Yes ☒   No ☐

6

GROUND TWO: "DENIAL OF DUE PROCESS" U.S.C.A., FIFTH AMEND.

A. "PROOF BEYOND A REASONABLE DOUBT EVERY ELEMENT OF THE CRIME CHARGED", I.C.: "IMPERMISSIBLY EASING THE PROSECUTION'S BURDEN OF PROOF"

B. "ERRONEOUS JURY INSTRUCTION "FIRMLY-CONVINCED""

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

THE TRIAL COURT ERRED IN DENYING MR. MACHADO'S REQUEST FOR A JURY TRIAL INSTRUCTION ON THE SPOUSAL DEFENSE TO SEXUAL ASSAULT AND NOT GIVING THE JURY THE LEGAL DEFINITION OF "SPOUSE" AND/OR "COHABITATION", THUS DEPRIVING MR. MACHADO OF DUE PROCESS

AS SET FORTH IN GROUND ONE, TRIAL COUNSEL, MR. JONES OBJECTED TO THE INSTRUCTION, AND, THE TRIAL COURT FAILED TO EXERCISE IT'S DISCRETION TO INCLUDE SAID INSTRUCTION, IN SPITE OF THE COURT'S DIRECTED VERDICT TO ADMIT ON COUNT II (ADMINISTERING ALCOHOL/DRUGS)

THE POSSIBILITY THAT ONE OR MORE REASONABLE JURORS COULD HAVE INTERPRETED THE INSTRUCTION REQUIRING THE PROSECUTION TO PROVE EVERY ELEMENT OF THE CRIME I.E. STATUTORARILY REQUIRED PROOF OF "WITHOUT-CONSENT", "IMMEDIATE OR THREATENED USE OF FORCE".

THE STATE WAS RELIEVED OF IT'S BURDEN OF PROOF AND MR. MACHADO WAS DENIED THE STATUTORY OPTION OF CONVICTION ON LESSER OFFENSE (SPOUSAL DEFENSE LESSENS CONVICTION TO CLASS SIXFELONY)

ESPECIALLY, WHERE THE PROSECUTION WAS ALLOWED TO ARGUE TO THE JURY THAT THEY "ONLY" HAD TO BE "FIRMLY CONVINCED". (SE R.T. 9/2/04, AT 51)

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals? Yes ☒   No ☐

(c) If yes, did you present the issue in a:
    Direct appeal    ☒
    First petition    ☒
    Second petition    ☐
    Third petition    ☐

(d) If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: _____
_____
_____
_____
_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court? Yes ☐   No ☐

GROUND THREE: _____

_____

_____

_____

_____

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐    No ☐

(c) If yes, did you present the issue in a:
        Direct appeal          ☐
        First petition         ☐
        Second petition        ☐
        Third petition         ☐

(d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

_____

_____

_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐    No ☐

GROUND FOUR: _____
_____
_____
_____
_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐     No ☐

(c) If yes, did you present the issue in a:
      Direct appeal     ☐
      First petition     ☐
      Second petition   ☐
      Third petition    ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____
_____
_____
_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐     No ☐

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐          No ☒

   If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐          No ☒

   If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?     Yes ☐          No ☒

   If yes, answer the following:

   (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

   (b)  Date that the other sentence was imposed: _____

   (c)  Length of the other sentence: _____

   (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?     Yes ☐          No ☐

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:
   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: OVERTURN CONVICTION
AND SENTENCES
_____
_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *SEE BELOW_____ (month, day, year).

_____        Mailed by family after pick up
Signature of Petitioner                  of Documents.

_____        7-25-09
Signature of attorney, if any            Date